UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

| | |
|---|---|
| RANDALL FELLBAUM, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:20-cv-00945 |
| CBE GROUP, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes RANDALL FELLBAUM ("Plaintiff"), by and through his undersigned attorney, complaining as to the conduct of CBE GROUP, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.,* and the Wisconsin Consumer Act ("WCA") under Wis. Stat. § 427 *et seq.,* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Wisconsin a subtotal portion of the events that gave rise to this action occurred within the Western District of Wisconsin.

**PARTIES**

4. Plaintiff is a consumer over 18 years-of-age residing within the Western District of Wisconsin.

5. Defendant claims that it has, "been serving hundreds of creditors, universities and federal government clients, including Internal Revenue Service (IRS)."[1] Defendant is a corporation engaged in the business of collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone from consumers across the country, including consumers in the state of Wisconsin. Defendant's principal place of business is located at 1309 Technology Pkwy, Cedar Falls, Iowa 50613.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action arises out of Defendant's attempts to collect upon an outstanding debt ("subject debt") that Plaintiff allegedly owed to Fingerhut.

8. In the early summer of 2020, Plaintiff began receiving calls to his cellular phone, (715) XXX-3470, from Defendant.

9. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -3470.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

10. Defendant has called Plaintiff using various phone numbers, including but not limited to (651) 432-9073, (651) 432-9123, and (651) 432-9023.

---

[1] http://www.cbegroup.com/

11. Upon information and belief, the above aforementioned phone numbers are regularly utilized by Defendant during its debt collection activity.

12. Plaintiff, through his contacts with Defendant, was informed that Defendant was acting as a debt collector attempting to collect upon the subject debt.

13. Upon speaking to Defendant, Plaintiff requested that Defendant cease contacting him and explained that he is unemployed and could not afford to make a payment.

14. Defendant willfully ignored Plaintiff's pleas and continued placing phone calls to Plaintiff's cellular phone seeking payment on the subject debt.

15. Despite Plaintiff's efforts and financial situation, Defendant has continued to regularly call his cellular phone up until the filing of this lawsuit.

16. Plaintiff has received dozens of phone calls from Defendant since asking it to stop calling.

17. Frustrated over Defendant's conduct, Plaintiff spoke with his undersigned attorney regarding his rights, resulting in exhausting time and resources.

18. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

19. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

22. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

23. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 1950.[2]

24. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA §1692c(a)(1) and §1692d

25. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

26. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop. Defendant called Plaintiff numerous times after he demanded that it stop calling and after he explained that he is unable to make a payment. This repeated behavior of systematically calling Plaintiff's cellular phone in spite of Plaintiff's demands and financial situation was harassing and abusive. The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

---

[2] https://www.acainternational.org/search

4

27. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

### b. Violations of FDCPA § 1692e

28. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

30. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting him Defendant continued to contact Plaintiff. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force him to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him when it no longer had consent to do so.

### c. Violations of FDCPA § 1692f

31. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

32. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously calling Plaintiff numerous times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without his

permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

33. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, RANDALL FELLBAUM, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE WISCONSIN CONSUMER ACT

34. Plaintiff repeats and realleges paragraphs 1 through 33 as though fully set forth herein.

35. The WCA states:

> "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer." Wis. Stat. §427.104(1)(h)

36. Defendant violated §427.104(1)(h) by engaging in harassing conduct in contacting Plaintiff. It was unfair for Defendant to repeatedly contact Plaintiff through means of systematic

6

phone calls after he notified Defendant to cease calling. Defendant ignored Plaintiff's demands and continued to systematically place calls to his cellular phone without his consent. Following its characteristic behavior in placing voluminous calls to consumers even after those consumers have demanded that such collection calls stop, Defendant engaged in harassing behavior, willfully done with the hope that Plaintiff would be compelled to make payment.

37. The WCA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

38. The WCA further states:

> "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist." Wis. Stat. §427.104(1)(j)

39. Defendant violated §427.104(1)(j) by continuing to place calls to Plaintiff's cellular phone after he told it to stop calling. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him when it no longer had consent to do so.

40. As plead above, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices. As such, Plaintiff is entitled to relief pursuant to §427.105.

41. Defendant's conduct was outrageous, willful, and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant acted in defiance of Plaintiff's prompts. Plaintiff demanded that Defendant stop contacting him, yet he was still bombarded with collection phone calls from Defendant. The phone calls and conduct engaged in by Defendant were an attempt to harass Plaintiff into submission and to ultimately maximize its profits. After Plaintiff told Defendant to stop calling, Defendant had more than enough information to know that it should not continue calling Plaintiff's phone. Defendant falsely and deceptively represented that it had the legal ability

phone calls after he notified Defendant to cease calling. Defendant ignored Plaintiff's demands and continued to systematically place calls to his cellular phone without his consent. Following its characteristic behavior in placing voluminous calls to consumers even after those consumers have demanded that such collection calls stop, Defendant engaged in harassing behavior, willfully done with the hope that Plaintiff would be compelled to make payment.

37. The WCA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

38. The WCA further states:

> "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist." Wis. Stat. §427.104(1)(j)

39. Defendant violated §427.104(1)(j) by continuing to place calls to Plaintiff's cellular phone after he told it to stop calling. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him when it no longer had consent to do so.

40. As plead above, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices. As such, Plaintiff is entitled to relief pursuant to §427.105.

41. Defendant's conduct was outrageous, willful, and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant acted in defiance of Plaintiff's prompts. Plaintiff demanded that Defendant stop contacting him, yet he was still bombarded with collection phone calls from Defendant. The phone calls and conduct engaged in by Defendant were an attempt to harass Plaintiff into submission and to ultimately maximize its profits. After Plaintiff told Defendant to stop calling, Defendant had more than enough information to know that it should not continue calling Plaintiff's phone. Defendant falsely and deceptively represented that it had the legal ability

to contact Plaintiff seeking collection of a debt when it did not. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Wisconsin and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, RANDALL FELLBAUM, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to §427.105, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees pursuant to §425.308(1)-(2);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 13, 2020                                                                          Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com